**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4181**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

PABLO BUSTOS-CASTANEDA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:14-cr-00333-TDS-1)

Submitted:  October 29, 2015          Decided:  December 2, 2015

Before WILKINSON, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Helen L. Parsonage, ELLIOT MORGAN PARSONAGE, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pablo Bustos-Castaneda pled guilty to illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Bustos-Castaneda to 68 months' imprisonment, and he now appeals, challenging his sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). In so doing, we first examine the sentence for any procedural error, including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Lymas, 781 F.3d at 111-12 (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence; if the sentence is within the Guidelines range, the Court applies a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within Guidelines sentence).

Bustos-Castaneda asserts that the district court did not properly consider factors he raised in support of his request

for a below Guidelines sentence of 48 months. He also contends that his sentence was greater than necessary to meet the sentencing objectives of § 3553(a). Upon our review, we find that the within Guidelines sentence is both procedurally and substantively reasonable.

The district court expressly considered the factors raised by Bustos-Castaneda in favor of a below Guidelines sentence, but declined to grant his request. The court considered his history and characteristics, the nature and circumstances of the offense, his criminal history and punishments for prior offenses, employment history, health issues, extended family in the United states, and reason for reentering the United States. The court emphasized the need to protect the public and deter Bustos-Castaneda, as well as the fact that a prior 57-month sentence did not inspire him to respect the law. The within Guidelines sentence imposed following this individualized assessment is both procedurally and substantively reasonable.

We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3